**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**BELAL MOHTASHAMI #A244-550-893**          **CASE NO.  1:26-CV-00618 SEC P**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**SHAY RICE ET AL**                                        **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM ORDER

Before the Court is a MOTION TO APPOINT COUNSEL [Doc. 3] filed by *pro se* Petitioner

Belal Mohtashami ("Mohtashami"), an immigration detainee at the Central Louisiana ICE

Processing Center in Jena, Louisiana.

Civil litigants do not have an automatic right to court-appointed counsel.  *See*

*Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Jackson v. Cain*, F.2d 1235, 1242 (5th

Cir.1989).  It is within the Court's discretion to appoint counsel unless the case presents

"exceptional circumstances."[1]  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The PETITION [Doc. 1], which is under initial review, clearly states the basis of

Mohtashami's claim.  And the claim is one frequently raised by immigration detainees.  The

undersigned finds that no exceptional circumstances currently exist necessitating the

appointment of counsel.  Should it become evident that appointment of counsel is necessary

and appropriate, the Court will issue an order accordingly.

---

[1] There is no "comprehensive definition of exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Some factors to consider in determining whether exceptional circumstances exist include: (1) the type and complexity of the case; (2) whether plaintiff is capable of adequately presenting his case; (3) whether plaintiff can investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony so to require skill in the presentation of evidence and cross examination.  *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Gonzalez v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990).

Therefore, IT IS ORDERED that the MOTION TO APPOINT COUNSEL [Doc. 3] is DENIED.

THUS DONE in Chambers on this 13th day of April, 2026.

_____

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE

2